CARLTON SMITH

v.

COMMONWEALTH OF VIRGINIA

No. 0528-90-2

Decided June 4, 1991

CounSEL

William G. Dade, for appellant.

Oliver L. Norrell, III, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BAKER, J.**—Carlton Smith (appellant) appeals from his bench trial conviction by the Circuit Court of Spotsylvania County (trial court) for perjury. In this appeal we are required to determine whether the evidence is sufficient to support the conviction.[1] Finding that it is not sufficient, we reverse the judgment and dismiss appellant from further prosecution on this charge.

■ Appellant stands convicted pursuant to an indictment which charged that he "did unlawfully and feloniously commit perjury by falsely swearing to or *by falsely executing a statement of indigence for the appointment of counsel* while charged with a felony . . . knowing such statement to be false, in violation of Code § 19.2-161." (emphasis added). Relevant to this appeal is that portion of Code § 19.2-161, which provides:

Any person charged with a felony who shall falsely swear or who shall execute the statement provided for in § 19.2-159 knowing such statement to be false, shall be guilty of perjury. . . .

That portion of Code § 19.2-159 controlling appellant's indictment and prosecution provides:

If the accused shall claim to be indigent and is not presumptively eligible under the provisions of this section, then a thorough examination of the financial resources of the accused shall be made . . . .

Apparently, appellant was not "presumptively eligible" for appointment of counsel; therefore, he was required to execute a statement to prove his eligibility. When the statement is required, Code § 19.2-159 further requires that consideration be given to "[a]ll personal property owned by the accused which is readily convertible into cash."

The indictment upon which appellant was convicted was predicated solely upon his negative answer to an inquiry whether he

---

[1] The Commonwealth argues that appellant did not properly preserve the point he makes on appeal. We find that he effectively presented his reason for appeal to the trial court and decline to hold that the appeal is barred by Rule 5A:18 as urged by the Commonwealth.

owned a motor vehicle. We must determine whether the record establishes that, when appellant executed the indigency statement under oath, he owned a motor vehicle which readily could be converted to cash. We hold that it does not.

Appellant was arrested on July 27, 1989, and requested a court-appointed attorney. On August 14, 1989, he executed under oath an indigency statement on a form provided by the district court. In relevant part, the form indicated that he did not own a motor vehicle.

On the day appellant was arrested and charged with unlawful distribution of cocaine, the arresting officers confiscated his car. The vehicle was never released and, subsequently, forfeiture was filed against it. The Commonwealth concedes that the car has not been available to appellant for any purpose since the day of his arrest.

In addition to the confiscated car, the record discloses that Anthony Sudano, in July 1989, sold appellant "a Honda XR-200 dirt bike,"[2] which was not "supposed to be" driven on a highway. At the time of the sale, Sudano did not have the title to the dirt bike nor did he obtain any evidence that he had sold it to appellant. The following testimony explains the status of that vehicle:

Q Now, when you sold the bike to Mr. Smith, you didn't give him the title, did you?

A No, I didn't have the title at the time. I had to pay the bike off. I sold the bike because I was in debt.

Q And this receipt, Commonwealth's Exhibit Five, you didn't get that receipt on July 3rd, 1989.

A No, sir, I didn't.

Q You got this receipt on October 4th, 1989, didn't you?

A Yes, sir.

Q You were asked to get that receipt, weren't you?

A Yes, sir.

---

[2] Commonwealth's Exhibit 5 is a written note dated 10-4-89, signed by Sudano and appellant and acknowledges that the sale occurred on July 3, 1989.

Q You were asked by the Spotsylvania Sheriff's Department to get that receipt, weren't you?

A I was more or less told that something had happened with the bike; that it had been involved in something; and that I was still solely responsible for that bike unless I had a receipt, so it was to my benefit to get a receipt.

Q You were told by somebody from the Spotsylvania Sheriff's Department to get that receipt, weren't you?

A Yes, sir.

Q And, so you sent and got the receipt from Carlton Smith on October 4th, 1989, didn't you?

A Yes, sir.

No evidence was presented to show that appellant obtained title to the dirt bike or that he could have readily converted it to cash.

The record fails to disclose that the motor vehicles upon which the Commonwealth relies to support the conviction were available to appellant so as to be "readily convertible to cash." For this reason, we find that the evidence is not sufficient to support his conviction for perjury as charged in the indictment.

Accordingly, the judgment of the trial court is reversed and appellant is dismissed from further prosecution on this indictment.

*Reversed and dismissed.*

Benton, J., and Coleman, J., concurred.